**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Baskin, | No. CV-17-01809-PHX-DGC (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Thomas Baskin has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## I. SUMMARY OF CONCLUSION.

On January 17, 1997, Petitioner was sentenced pursuant to signed plea agreements in two separate cases. On September 26, 2016, Petitioner filed a notice for post-conviction relief proceedings. Petitioner's PCR proceeding was dismissed as untimely. Petitioner filed for habeas relief on June 9, 2017 regarding CR 96-93926. Statutory tolling does not apply because Petitioner's PCR proceeding was untimely. Equitable tolling does not apply because Petitioner has not exercised reasonable diligence. Therefore, the Court will recommend the Petition be dismissed.

## II. BACKGROUND.

### a. Facts.

The Presentence Report includes a summary of the underlying facts of Petitioner's offense in **CR 96-93926**:[1]

> [I]nformation was received that she had been sexually assaulted by [Petitioner] some time between August 1, 1995, and November 1, 1995, during the afternoon hours. [The victim] related she was sitting in the living room watching television when [Petitioner] asked her to go into the bedroom. After she declined, [Petitioner] dragged her into the master bedroom and covered her mouth because she was yelling, "No! No!" Once in the master bedroom, he laid her on the bed, removed her panties, pushed up her house dress, and penetrated her vagina with his penis. [The victim] related intercourse did not last very long and that once [Petitioner] got off of her he had "white stuff" all over himself, which he then washed off in the bathroom. [The victim] indicated [Petitioner] threatened her by telling her if she told anyone about what he did, he would "beat her up." [The victim] stated she was afraid of [Petitioner], but later told her son . . . that [Petitioner] had raped her, and her son confirmed this information.

(Doc. 1 at 26.)

### b. Plea and Sentencing.

On January 17, 1997, in CR 96-90229, Petitioner was sentenced (pursuant to a plea agreement) to 23.25 years of imprisonment for Sexual Assault committed on January 12, 1996. (*Id*. at 18.)

On January 17, 1997, in **CR 96-93926**, Petitioner was sentenced (pursuant to a plea agreement) to a consecutive term of lifetime probation for Sexual Assault committed between August 1, 1995 and October 31, 1995. (*Id*. at 10-12.)

### c. Post-Conviction Relief Proceedings and Appellate Review.

On September 26, 2016, Petitioner filed a notice of post-conviction relief. (*Id*.) The court found Petitioner's PCR proceedings were "untimely by more than 19 years." (*Id*.) The court further found that Petitioner "fail[ed] to adequately explain why he delayed 19 years in seeking relief." (*Id*. at 4) The court dismissed the PCR proceedings.

---

[1] This is the cause number Petitioner is contesting. (Doc. 1 at 1.) In Arizona, the factual basis for a guilty plea "may be ascertained from the record including pre-sentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 120 Ariz. 596, 598 (1978).

(*Id*. at 5.)

On February 15, 2017, the Arizona Court of Appeals denied relief. (Doc. 9-1, Ex. B, at 7.) The court stated that "[t]o date, the court has received neither a motion for extension nor a complaint petition for review." (*Id*.)

### d. Habeas Petition.

On June 9, 2017, Petitioner filed a Writ of Habeas Corpus in this Court. (Doc. 1.) "Petitioner raises one ground for relief, arguing that his due process rights have been violated because he was 'convicted and sentenced in absentia without [his] consent.'" (Doc. 6 at 2.)

On November 13, 2017, Respondent filed a Limited Answer to the Petition. (Doc. 9.) Petitioner did not file a reply.

## III. THE PETITION.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United Sates. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner pleaded guilty, so his PCR proceedings were equivalent to direct review. *Summers v. Schiro*, 481 F.3d 710, 716-17 (9th Cir. 2007) ("Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court,

notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)). Petitioner was afforded five additional days under Ariz. R. Crim. P. 1.3(a).

Petitioner was sentenced on January 17, 1997. (Doc. 9-1, Ex. A, at 3.) Accordingly, his time to file a notice of PCR expired 95 days after sentencing. His one-year habeas statute of limitations began running thereafter, on April 22, 1997, and expired one year later, on April 22, 1998. Therefore, the habeas Petition was due on or before April 22, 1998, absent statutory or equitable tolling. The Petition was not filed until June 9, 2017. (Doc. 1.)

### a. Statutory Tolling.

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a PCR notice is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

But a state PCR petition that is not filed within the state's required time limit is not "properly filed," and, therefore, a petitioner is not entitled to statutory tolling during those proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under the AEDPA's tolling provision).

Here, Petitioner did not properly file his first PCR proceeding. As the state court found, Petitioner PCR notice was untimely by more than 19 years. (Doc. 9-1, Ex. A, at 3.) By the time Petitioner filed his PCR notice, AEDPA's statute of limitations had already run. "Therefore, . . . tolling the one-year statute for the period that [petitioner's] action was pending in state court would not make his federal habeas petition timely since

he waited more than one year after the state court decision before he filed the petition in this case." *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Accordingly, Petitioner is not entitled to statutory tolling.

### b. Equitable Tolling.

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances and that he diligently pursued his claims. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (citations omitted). Reasonable diligence requires only "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011).

Here, Petitioner has not exercised reasonable diligence in pursuing his claims in this Court. Petitioner states that "[he] found out about this conviction many years later. [He] tried to clarify it in 2016. It took [him] some time to gather all the documents

pertaining to the case number." (Doc. 1 at 11.)[2] Petitioner does not state when he allegedly found out about his conviction. Petitioner argues that he was "convicted and sentenced" in absentia in CR 96-93926. (*Id*. at 6.) But Petitioner's records establish that he pleaded guilty pursuant to a signed plea agreement in that case. (*Id*. at 12-13.) Petitioner provided his presentence report, which references both cause numbers. (*Id*. at 25.) Petitioner's counsel recommended Petitioner receive a minimum term of imprisonment in CR 96-90229 followed by his stipulated term of lifetime probation in CR 96-93926. (*Id*. at 28.) The trial judge reviewed the entire presentence report, which contained the sentencing recommendations for both cases. (*Id*. at 33.) The presentence report recommended lifetime probation in CR 96-93926. (*Id*. at 33.) The sentencing hearing in CR 96-90229 ended on January 17, 1997 at 12:35 p.m. (*id*. at 21), which was the same time that his sentencing hearing concluded in CR 96-93926 (*id*. at 10). In short, all of Petitioner's documents reflect that he knowingly pleaded guilty and was sentenced in both cases on January 17, 1997 before the same judge. Petitioner's records thus demonstrate that he had notice on January 17, 1997 that he was sentenced to lifetime probation.

Petitioner offers no excuse to explain the extensive delay in filing the instant habeas petition. Petitioner has not demonstrated reasonable diligence in pursuing his claims.

Petitioner has not argued that he is entitled to the actual-innocence exception to the statute of limitations, and Petitioner's guilty plea would minify a claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. App'x. 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence).

## IV. CONCLUSION.

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638

---

[2] In his PCR and appellate review proceedings, Petitioner did not provide additional information. (*See* Doc. 9, Exs. A, B.)

- 6 -

F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of February, 2018.

Honorable John Z. Boyle
United States Magistrate Judge